# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| **RICHARD CHARLES DYE,** *as Personal* | ) | |
| *Representative of the Estate of* | ) | |
| **GLADYS M. DYE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 1:13-CV-194** |
| | ) | |
| **EIRIK TILLMAN and** | ) | |
| **QUEST COMMUNICATIONS,**[1] | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

This case was removed to this Court from the Allen Superior Court by Defendants based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 2.) Citing the Complaint, the Notice of Removal states that "Plaintiff alleges that the Decedent, GLADYS M. DYE, was a resident of the State of Indiana" and that "Plaintiff's Complaint alleges that Defendant EIRIK TILLMAN is a resident of the State of Ohio." (Notice of Removal ¶¶ 4-5.)

Defendants' Notice of Removal, however, is insufficient to establish the citizenship of Gladys Dye and Eirik Tillman. This is because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not

---

[1] In their Notice of Removal, Defendants note that Qwest Communications International, Inc., is improperly named as Quest Communications in the Complaint. (Notice of Removal ¶ 1.)

1

citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).

Therefore, the Court must be advised of Gladys Dye's and Eirik Tillman's *citizenship*, rather than their residency, which "[f]or natural persons . . . is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence.").

Accordingly, Defendants are ORDERED to supplement the record by filing an Amended Notice of Removal on or before June 28, 2013, properly alleging the citizenship of Decedent Gladys M. Dye and Defendant Eirik Tillman.

SO ORDERED.

Enter for this 14th day of June, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge